UNION BANK OF BROOKLYN v. CASE (three cases).

(Supreme Court, Appellate Term. November 6, 1903.)

1. COSTS—SEVERAL DEFENDANTS.
    Under Code Civ. Proc. § 3229, providing that in an action against more than one defendant, plaintiff being entitled to costs against one, none of defendants are entitled to costs of course, where plaintiff is entitled to costs of course against one defendant, another defendant, who has judgment, though granted an extra allowance, is not entitled to costs, he not having specifically asked therefor or had them allowed.

Appeal from City Court of New York, Special Term.

Three actions by the Union Bank of Brooklyn against David K. Case individually and as trustee. From an order in each action affirming a taxation of costs, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

R. P. Orr, for appellant.

D. K. Case, for respondent.

BLANCHARD, J. These actions were brought upon promissory notes against the maker and indorsers. The maker did not defend. The indorser successfully defended, and obtained a verdict of the jury in his favor.

In action No. 1 it was stipulated that the other actions should abide the event of that trial. At the time the verdict was rendered, the defendant moved for an additional allowance, which was granted, and upon the stipulation a verdict was directed in favor of the defendant in the other two actions. The successful defendant did not ask specifically for costs. On the taxation of costs by the clerk the plaintiff contended that the defendant was not entitled to costs, because the court at trial term had not specifically awarded them. The clerk overruled that contention, and taxed the costs. In our opinion, this was error. The right of a party to costs is dependent upon statute. Subdivision 4 of section 3228 of the Code of Civil Procedure provides that the plaintiff is entitled to costs as of course upon the rendering of a final judgment in his favor in an action in which the complaint demands judgment for a sum of money only, provided he

recovers the sum of $50 or more. There can be no doubt, therefore, that the plaintiff was entitled to recover costs against the defendant who was maker of the note and in default. The next section (3229) provides that the defendant is entitled to costs of course upon rendition of judgment in an action specified in the preceding section, unless the plaintiff is entitled to costs. As we have seen that the plaintiff was entitled to costs as of course, it follows that the defendant was not, and could not be, entitled to them as of course. But where, in such an action against two or more defendants, the plaintiff is entitled to costs against one or two, but not against all of them, none of the defendants is entitled to costs as of course. In that case costs may be awarded, in the discretion of the court, to any defendant against whom the plaintiff is not entitled to costs. Thus it is that in all cases where the plaintiff is entitled as of course to recover costs the statute referred to has made the right of a successful defendant in the same case to costs dependent upon the discretion of the court.

As the trial court did not exercise such discretion, the taxation of costs by the plaintiff was error, and the order of the Special Term of the City Court affirming such taxation must be reversed, with $10 costs and disbursements. All concur.